The Chief Justice
delivered the opinion of the court.
This was a petition and summons upon a note bearing date the 10th of August, 1810, and payable sixty days after date. The defendant pleaded that he did not assume upon himself within five years before the issuing the original writ in this suit in manner and form as the plaintiff hath alledged. To this plea the plaintiff demurred, and the circuit court gave judgement on the demurrer for the plaintiff, from which the defendant prosecutes this appeal.
Whether the plea is sufficient to bar the action, is the only question involved in the case.
Had the action been debt or assumpsit, the statute of limitations would, no doubt, if properly pleaded, have been a good bar to the action, and we cannot suppose that the legislature by giving the summary remedy by petition, intended to deprive the defendant of any defence which he could have been entitled to if the common law remedy had been pursued The remedy by set-off stands upon a like footing, and it is well settled, that to a plea of set off the plaintiff may reply the statute of limitations.
Admitting, however, the statute to be a good bar to the action, it still remains to enquire whether it is sufficiently pleaded or not.
There are two modes of pleading the statute of limitations; the one that the defendant did not promise within five years, and the other that the cause of action did not accrue within that time.
The latter is equally applicable to every case, but the former which has been adopted in this instance, is in many cases insufficient; for if the cause of action accrued within five years, it is immaterial when the promise was made, because the statute operates as a bar only from the time when the cause of action arose, and not from the time of making the *565 promise. As if a promissory note were made seven years ago to pay money within three years, the statute is no bar; so if it were made seven years ago to pay money within three months, though the statute would be a bar, yet the defendant must not plead non-assumpsit infra quinque annus; for that would be bad, but the plea must be, causa actionis non accrevit infra quinque annus—2 Saund. (63 c) note 6, Puckle vs. Moore, 1 Vent. 191
A pltf tho' bound to recite the date of a note declared on, 's not estop’d thereby, but may shew it was actually made on a different day, even a deed may be shewn to have been delivered on a day different from its date: consequently the plea of non-asumpsit within the years is bad.
That case appears to be precisely in point with the present, and is decisive against the sufficiency of the plea.—We had at first view thought that there might be a rational ground of distinction between the two cases. For at common law an action could not be maintained upon a promissary note, but the action must be brought upon the original contract, and the note was only used as evidence of the contract.
In such case the date of the contract was not material, and the note though of a date different from the contract alledged was admissable evidence in support of it, if in other respects their correspondence was sufficiently exact, and consequently, notwithstanding the alledged date of the contract was more than seven years ago to pay money within three months thereafter, it could not be necessarily implied that the statute would be a bar to the action. But in this country the action may be brought as it was in this case upon the note itself, and as it is a settled doctrine, that in an action upon a written contract, the date of the instrument must be truly alledged a mistake, in respect to which will be fatal to the action. We had supposed that the plaintiff would be concluded by the date of the note, from that and the stipulated time of payment thereafter, it would have resulted, necessarily, that the statute would be a bar to the action—we had inferred that the form of pleading the statute was immaterial. But we are convinced from further reflection upon this subject, that we were mistaken in supposing that the plaintiff is estoped by the date of the note to shew that it was made at a different time. For although he is bound to alledge the date of the note truly as a part of its description, yet it is well settled, notwithstanding some dicta to the contrary, that he may reply or shew in dence that it was really made on a day different from its date. Even a deed, though it bears date on one day, may be shewn to have been delivered on another Chitty's plead 622--3 And the cases there cited. If, then, the plaintiff *566 be at liberty to show that the note was really made on a different day from its date, the case comes precisely within the principle of an action founded upon a parol assumpsit to pay money at a future time of upon an executory consideration, and the authorities are abundant to shew that in every case of that sort the mode of pleading the statute which was adopted in this case is bad, see 1 Saund. 33 (note 2) and the cases cited. The reason is obvious, for the plea may be true, and the statute notwithstanding, be no bar to the action. As for example, suppose the note in this case to have been really made five years and thirty days before the commencement of this suit, the plea of the defendant, that he did not promise, within five years, would be true; but it would be equally true that the cause of action must have accrued within less than five years, and the statute only begins from the time the cause of action accrued, it could not operate to bar the plaintiff’s action.
The statute begins to run only from the accrual of right of action, not from the date of the promise.
Bibb for appellant.
Judgment affirmed with costs and damages.